**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNY ROSARIO** | **:** | **JURY TRIAL DEMANDED** |
| | **:** | |
| **v.** | **:** | **Civil Action No.** |
| | **:** | |
| **CITY OF PHILADELPHIA; and** | **:** | |
| | **:** | |
| **PHILADELPHIA POLICE OFFICER** | **:** | |
| **JOHN ROSS** | **:** | |
| **(Badge #6191)** | **:** | |
| **individually and as a Police Officer** | **:** | |
| **for the City of Philadelphia; and** | **:** | |

**COMPLAINT**

**Jurisdiction**

1.      This action is brought pursuant to 42 United States Code Section 1983 and the First,

Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as

the Constitution and laws of the Commonwealth of Pennsylvania.   Jurisdiction is based

upon 28 United States Code 1331 and 1341 (1), (3) and (4).  Plaintiff further invokes the

supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and

decide claims under state law.

**Parties**

2.      Plaintiff Kenny Rosario is and was at all material times a resident of Philadelphia,

Pennsylvania.

3.      Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania

and owns, operates, manages, directs and controls the City of Philadelphia  Police

Department, which employs and employed defendant Police Officer Ross.

1

4.    Defendant Police Officer John Ross (Badge #6191) was at all times relevant to this action

an officer of the City of Philadelphia Police Department, assigned to the 26th Police

District.   He is being sued in his individual capacity as a police officer for the City of

Philadelphia.

**FACTS**

5.    On or about August 3, 2003, around 11:00 AM, at or around the 2500 block North

American Street in Philadelphia, Pennsylvania, Plaintiff was working in the preparation

of an annual street festival.

6.    This street festival was permitted by the City of Philadelphia in 2003 and prior years and

and was guarded in 2003 and other years by Philadelphia Police Officers.

7.    The festival had been planned and prepared for the purpose of celebrating latino culture

and conducting outreach among all attendees relating to cultural, social services, and

political issues among other free speech and free assembly activities.

8.    On or about August 3, 2003, Paintiff Kenny Rosario was working full time at the Latino

Partnership,  a non-profit organization that was a co-organizer of the festival.

9.    On or about August 3, 2003 around 11:00 AM, Mr. Rosario possessed a parking pass

issued by the festival organizers signifying that Mr. Rosario was permitted to park in a

one-block area that had been reserved for vendor parking.

10.    On or about August 3, 2003 around 11:00 AM, Mr. Rosario was a passenger in a Ford

Explorer that belonged to his supervisor and that was being used that morning to transport

Latino Partnership literature, membership documents, and sports bottles promotional

items that were to be used and distributed during the festival.

2

11.    When the driver of the Explorer, Mr. Rosario, and another person drove to the entrance of the vendor parking area, they were stopped by Defendant Ross, who was on duty, in uniform and acting under color of state law along with another officer.

12.    Defendant Ross stated to the driver words to the effect of 'what the fuck are you doing back here?' whereupon the driver and Mr. Rosario explained their lawful purpose and presented the parking permit.

13.    Defendant Ross took the pass, threw it on the pavement, and stated to the Plaintiff and his companions words to the effect of 'get the fuck out of here, you're a bunch of drug dealers'.

14.    Mr. Rosario exited the passenger door and started walking toward the festival, stating he was going to get the promoter of the event.

15.    Without any legal basis or justification, Defendant Ross then grabbed the Plaintiff, twisted his arm, and slammed Plaintiff down on the hood of a patrol car.

16.    Defendant Ross then searched Plaintiff's pockets, finding nothing illegal.  Defendant Ross then handcuffed Plaintiff's hands behind his back.

17.    Defendant Ross placed Plaintiff in the back of a police vehicle and transported him to the 26th District at 615 East Girard Street, in Philadelphia.

18.    While in the patrol car with Plaintiff Rosario traveling to the police station, Defendant Ross passed a number of street corners, each time asking the Plaintiff whether the Plaintiff sold drugs there.

19.    Plaintiff responded truthfully that he worked for a living and paid taxes that helped fund Defendant Officer Ross's salary.  In fact, Plaintiff was not a drug dealer and was steadily

3

employed.  Plaintiff has never been charged with drug offenses.

20.     While still cuffed, Plaintiff was taken into the 26th Police District and placed in a cell.
        Plaintiff told Defendant Officer Ross he was 17 years old, asked for his mother and uncle,
        and insisted he should not be in the cell.

21.     After indicating he did not believe Plaintiff was a juvenile, Defendant Ross pushed
        Plaintiff, which caused him to fall to the cell floor while handcuffed.  Because Plaintiff's
        cuffs were still locked behind Plaintiff's back, Plaintiff had difficulty standing up from
        the cell floor.  Defendant Ross then struck Plaintiff a few times with his police baton on
        top of the handcuffs while Plaintiff was laying on the cell floor.

22.     Defendant Ross fractured the left wrist of Plaintiff.

23.     Plaintiff's mother, Nivia Rosario, independently learned of Plaintiff's arrest.  She arrived
        at the 26th Police District and confirmed what Plaintiff had stated earlier—that he was 17
        years old, and was employed to help organize the festival.

24.     With the exception of a brief period when Plaintiff's cuffs were removed by a 26th
        District officer, handcuffs remained locked on Plaintiff's hands despite the fact that his
        hands were obviously swelling and the Plaintiff was complaining.

25.     Plaintiff was then transported from the 26th to the 24th Police District on Whitaker Avenue
        in Philadelphia by Philadelphia police, apparently as a consequence of his being a
        juvenile and there being cells for juveniles at the 24th District.

26.      Plaintiff was then transported by Philadelphia police to St. Christopher's Hospital on
        Erie Avenue in Philadelphia, PA, where a soft cast was applied by medical personnel.
        The Plaintiff was given a prescription to return for a hard cast the following day and

4

diagnosed with a wrist fracture.

27.   All together, Plaintiff remained in custody approximately 12 hours and was released from custody at the 24th Police District after his return from St. Christopher's Hospital.

28.   Deliberately and/or with deliberate indifference to Plaintiff's rights, Defendant Ross provided untrue information to his fellow officers and to the District Attorney's Office charging unit implicating the Plaintiff in illegal conduct the Plaintiff did not commit. Defendant Ross deliberately and/or with deliberate indifference to Plaintiff's rights failed to provide exculpatory information showing Plaintiff's innocence. The false information Defendant Ross provided excluded his own assaultive and illegal conduct against Plaintiff, and falsely accused Plaintiff of assaultive and other illegal conduct that Plaintiff never committed.

29.   Defendant Ross's actions and inactions caused Plaintiff to be falsely charged with Resisting Arrest, Recklessly Endangering Another Person, Disorderly Conduct and Harassment.

30.   Plaintiff retained defense counsel and attended juvenile criminal court in Philadelphia on more than one occasion. His case was disposed without any finding or admission of guilt on any charge by way of a consent decree, which Plaintiff successfully completed. Upon successful completion of the consent decree, all charges were dropped.

31.   Plaintiff violated no law of Pennsylvania or any other jurisdiction on or about August 3, 2003, but was detained, arrested, illegally searched and taken into custody without legal basis or lawful justification.

32.   Plaintiff exercised no force whatsoever against Defendant Officer Ross or any other

5

Philadelphia police officer or other person on or about August 3, 2003, but was subjected to excessive force by Defendant Officer Ross, while acting under color of state law, without legal basis or justification.

33.   As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and in particular the rights to be free from illegal detention, false arrest, excessive force while being detained/arrested, the right to be free from false arrest and the right to due process of law.

34.   The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of the plaintiff to freedom from use of excessive, unreasonable and unjustified force against his person, the right to be free from false arrest and the right to due process of law.

## COUNT ONE
### 42 U.S.C. Section 1983 Against Individual Defendant Smith

35.   Paragraphs 1 through 34 are incorporated herein by reference as though fully set forth.

36.   Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against Defendant O'Connell for violation of his constitutional rights under color of law.

37.   As a result of the above actions the Plaintiffs suffered the damages as aforesaid.

## COUNT TWO
### Supplemental Claims Against Individual Defendant Ross

38.   Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39.   Defendant Ross assaulted and battered the Plaintiff and intentionally inflicted emotional distress on the Plaintiff.

6

40. Defendant Ross unlawfully arrested, falsely imprisoned, and committed malicious abuse of process against the Plaintiff.

41. Defendant Ross invaded the privacy and/or cast plaintiffs in a false light by making it appear to others that plaintiff had violated or were violating the laws of the Commonwealth of Pennsylvania or of another jurisdiction.

42. As a result of the above actions the Plaintiffs suffered the damages as aforesaid.

**COUNT THREE**
**42 U.S.C. Section 1983 Against the City of Philadelphia**

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

44. Prior to August 3, 2003, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of the Plaintiffs' rights.

45. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of acts of police abuse by charging victims of police abuse with criminal offenses -- thereby attempting to prevent victims access to the courts and to due process.

46. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the Defendant Officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

47. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the Defendant officers, against a code of silence or

"blue code" of officers refusing to intervene against or provide truthful information

against constitutional violations and misconduct committed by their fellow officers.

48.     As a result of the above described policies and customs, police officers of the City of

Philadelphia, including the Defendant Officer Ross, believed that their actions would not

be properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

## COUNT FOUR
### Supplemental Claims Against The City of Philadelphia

49.     Paragraphs 1 through 48 are incorporated herein by reference as though fully set forth.

50.     Defendant The City of Philadelphia negligently hired, retained and supervised the

Defendant Police Officers under the laws of Pennsylvania.

51.     As a result of the above actions the Plaintiff suffered the damages as aforesaid.


**WHEREFORE**, Plaintiff requests the following relief:

        a.      Compensatory damages;
        b.      Punitive damages;
        c.      Reasonable attorney fees and costs;
        d.      Interest; and
        e.      Such other and further relief as appears
                reasonable and just.


_____
Lawrence S. Krasner, Esq.
**KRASNER & RESTREPO**
239 South Camac Street
Philadelphia, Pa. 19107
(215) 731-9500
Fax: 215/731-9908                    Date: August 2, 2005

8